Jackson, J.,
delivered the opinion of the Court.
As to the supposed rescue of the ship, we are all satisfied that the law, on that subject, was correctly stated by the judge to the jury. The principle contended for, by the defendants, would expose every neutral ship to capture by pirates, without the right or means of self-defence. The neutral master could not venture to resist, until the captors had obtained the possession and entire command of his ship ; and, if he should then discover that they were pirates, resistance would be ineffectual.
The argument has proceeded, in some measure, on the supposition that the capturing ship was a French commissioned cruiser. But the neutral master had no evidence of that fact. From all that appears in this case, the captors may have plundered the ship and then sunk her, with the three men who were left on board ; and neither the owner nor the government of the United States could make any demand, for indemnity or satisfaction, against the French government.†
As to the other point, the evidence was rightly left to the jury. The defendants were seasonably apprized of the loss, and all the circumstances attending it; and the plaintiff demanded the whole sum insured. In the course of the eight months following, they made sundry payments on account of- this demand. No suggestion was made, during all this time, that they were not bound to [ * 252 ] pay the whole, for * want of an abandonment.
From these circumstances, together with the testimony of the president of the company, the jury were warranted to conclude, either that there had been an offer to abandon, or that both parties considered the chance of recovery as altogether hopeless, and that an abandonment would therefore be an idle ceremony ; and that the loss was thereupon adjusted, and the defendants agreed to pay the sum demanded. If such an agreement were made, without any *221 fraud or mistake, the defendants are bound by it, and cannot now object the want of evidence of a formal offer of abandonment.†

Judgment according to the verdict.

 Robinson vs. Jones, 8 Mass. Rep. 539. — Snowden vs. Phenix Ins. Co., 3 Bin. 457 - Garrols et al. vs. Kensington, 8 & E. 230. — Hughes, Ins. 311. — 1 Marsh. 436 3d edition.

 Hughes, 431. — 2 Marsh. 609, 3d edition.